**In re LYNCH.**

2003-Ohio-2690.]

Court of Common Pleas of Ohio,
Juvenile Division, Medina County.

No. 2003 01 DQ 0067.

Decided May 12, 2003.

Anne Eisenhower, Medina County Assistant Prosecuting Attorney, for the state.

John J. Dolatowski, for the juvenile.

---

JOHN J. LOHN, Judge.

{¶ 1} On May 8 and May 9, 2003, this matter came on for hearing before John J. Lohn, Judge of the Medina County Court of Common Pleas, Juvenile Division. The purpose of the hearing was to determine whether the juvenile is amenable to treatment pursuant to R.C. 2152.12.

{¶ 2} Present in court were Dustin J. Lynch, the juvenile; Jerrilyn Thomas, the juvenile's mother; and David Lynch, the juvenile's father. Attorney John J. Dolatowski of Medina appeared on behalf of the juvenile. Anne Eisenhower, Medina County Assistant Prosecuting Attorney, appeared on behalf of the state of Ohio.

{¶ 3} The juvenile is charged with delinquency by virtue of committing the following felonies: aggravated murder by aggravated robbery (with specification), in violation of R.C. 2903.01(B); aggravated murder (with specification), in violation of R.C. 2903.02(A); aggravated robbery in violation of R.C. 2911.01(A)(1); aggravated robbery in violation of R.C. 2911.01(A)(3); felonious assault in violation of R.C. 2903.11(A)(2); and theft in violation of R.C. 2913.02(A)(1).

{¶ 4} The offenses allegedly occurred on November 2, 2002. The juvenile's birthday is December 3, 1986.

{¶ 5} On January 31, 2003, the state filed a motion to transfer this case to the general division of the court of common pleas. On March 6, 2003, the juvenile waived his right to a preliminary hearing. The court found that the juvenile was fifteen years of age at the time of the offense and that there was probable cause to believe that the juvenile committed the acts described in the complaint.

{¶ 6} This hearing is the second of the two-step process required under R.C. 2152.12. There are two issues the court must decide: (1) whether the juvenile is amenable to care or rehabilitation within the juvenile system and (2) whether public safety requires that the juvenile be subject to adult sanctions.

{¶ 7} In deciding whether to transfer a juvenile's case to the general division, the court must consider any relevant factors that weigh in favor of transfer and any relevant factors that weigh in favor of keeping the case in the juvenile system.

{¶ 8} Jolynn Mishne was a high schooler who lived with her father on Poe Road in Montville Township. She was a sweet, guileless girl. A week before her death, she met Dustin Lynch and took him home. Jolynn's father permitted Dustin to stay at the house and to spend each night with his daughter in her bedroom.

{¶ 9} On November 2, 2002, Jolynn was in bed asleep. She was struck senseless and then bludgeoned to death and stabbed to death. The killer left a taunting note to the police and a gruesome crime scene. At the time of the murder, Dustin Lynch was a DYS parolee—a runaway one month shy of his sixteenth birthday. He had insinuated himself into the Mishne home as a false friend. After allegedly killing poor Jolynn, he allegedly stole her car.

{¶ 10} The juvenile has had a long, unsuccessful history with the juvenile justice system. His father has been absent most of his life. His mother is an ineffective parent. The male influences in the juvenile's life were his mother's many husbands and boyfriends. These men, with the exception of the current husband, were abusive and demeaning.

{¶ 11} The juvenile is intellectually and emotionally capable of overcoming his poor upbringing. He has never shown the slightest inclination to do so.

{¶ 12} The court finds the following factors in favor of a transfer pursuant to R.C. 2152.12(D):

{¶ 13} **The victim of the act charged suffered physical or psychological harm, or serious economic harm, as a result of the alleged act.** Jolynn

Mishne was beaten to death and stabbed to death. Her car was stolen. She suffered severe economic and physical harm.

{¶ 14} **The child's relationship with the victim facilitated the act charged.** Jolynn Mishne had an affectionate and trusting relationship with the Juvenile. She was emotionally attached to him. She was physically close to him. This relationship made it easier for the juvenile allegedly to kill her and to rob her. She was beaten with a bedpost from her own bed. She was stabbed with a knife from her own kitchen. A stranger did not kill Jolynn Mishne. Someone in her own household killed her, someone she trusted.

{¶ 15} **At the time of the act charged, the child was awaiting adjudication or disposition as a delinquent child, was under a community control sanction, or was on parole for a prior delinquent child-adjudication or conviction.** On November 2, 2002 the juvenile was on parole with the Ohio Department of Youth Services for a prior delinquent-child adjudication.

{¶ 16} **The results of any previous juvenile sanctions and programs indicate that rehabilitation of the child will not occur in the juvenile system.**

{¶ 17} The juvenile has had the following adjudications and dispositions:

| Date | Age | Offense | Disposition |
|------|-----|---------|-------------|
| 12/10/99 | 13 | Unruly | Indefinite Probation |
| 04/18/00 | 13 | Probation Violation | Continued Probation |
| 1/29/01 | 14 | Unruly | Indefinite Probation |
| 3/6/01 | 14 | Theft | Continued Probation |
| 5/29/01 | 14 | Underage Alcohol Possession | Continued Probation; Chemical Evaluation |
| 9/14/01 | 14 | Drug Abuse | Continued Probation |
| 9/14/01 | 14 | Curfew | Continued Probation |
| 12/4/01 | 15 | Probation Violation | Continued Probation, Chemical Evaluation, Continue with Child–Family Intervention Team (CFIT) |

| 3/20/2002 | 15 | Grand Theft | Commitment to Ohio |
| | | | Department of Youth Services |
| 11/7/2002 | 15 | Parole Violation | Commitment to Ohio |
| | | | Department of Youth Services |

{¶ 18} Between the Juvenile Detention Center, New Horizons Youth Shelter, Lincoln Place, and the Department of Youth Services, the juvenile had been placed outside the home for more than 400 days since his first unruliness violation. He failed in outpatient-treatment programs and drug-and-alcohol counseling programs.

{¶ 19} No juvenile sanction has deterred this boy. His behavior has progressed from being wayward and truant to committing misdemeanors, committing felony thefts, and now the alleged murder and robbery of a helpless girl.

{¶ 20} In this case, no treatment has been successful. Probation Officer Smith testified that services and treatment can only begin when the child is out of detention and compliant with court orders. But the boy immediately violates orders and reoffends. He does not cooperate with treatment.

{¶ 21} **The child is emotionally, physically, or psychologically mature enough for the transfer.** Dr. Lawrence Spoljaric's physical examination indicates that the juvenile presents as a normal sixteen year old with no physical infirmities. The witnesses from Indian River School—Jana Stump, Christine White, and Laurie Adkins—described the juvenile as average in stature and socially interactive. The juvenile is emotionally and psychologically capable of handling transfer to the adult system. Dr. Thomas Evans testified that the juvenile has an intelligent and correct understanding of the adult criminal process. He is "system savvy."

{¶ 22} **There is not sufficient time to rehabilitate the child within the juvenile system.** Dr. Evans testified that the juvenile is one of the most complex individuals he has encountered in his long experience with disturbed and delinquent youths. The doctor testified that the juvenile could be rehabilitated in the juvenile system but only if he were greatly motivated and under optimum conditions at the Ohio Department of Youth Services.

{¶ 23} There is nothing in this juvenile's past pointing to a sincere desire to turn his life around.

{¶ 24} Dustin Lynch is defiant and hostile. He engages in precocious and unhealthy sexual relationships—without shame. He abuses drugs and alcohol—without regret. He commits crimes and violates court orders—without fear of consequences. His bootless father has been missing in action for much of the

boy's life. He has just lately shown an interest in Dustin now that he is charged with murder. His ineffectual mother has been distracted by her complicated love life. She never provided the boy with a stable home.

{¶ 25} Dustin Lynch is happy when he is having sex, using drugs, or breaking the law. He shows some progress only when he is locked up. He is not well. He is profoundly disordered.

{¶ 26} Four and one-half years is not enough time to fix what is wrong with Dustin Lynch.

{¶ 27} The court finds the following factor against transfer under R.C. 2152.12(E):

{¶ 28} **The child has a mental illness or is a mentally retarded person.** The juvenile is diagnosed with a conduct disorder, adolescent onset. Dr. Evans explained that the condition is technically a mental illness, but it does not involve psychosis or delusional thinking.

{¶ 29} If the murder and robbery had occurred just one month later—December 3, 2002—the juvenile would have been sixteen at the time of the offense. Because of the severity of the charges, transfer to adult court would have been mandatory upon a showing of probable cause.

{¶ 30} WHEREFORE, after considering all of the testimony, the exhibits, and the arguments of counsel, the court finds that the statutory and other relevant factors favoring transfer of this case to the general division of the court are obvious and overwhelming and outweigh, by a great preponderance, those factors against transfer. The evidence favoring transfer is sufficient, strong, and compelling. The evidence favoring retention is speculative, scant, and weak.

{¶ 31} This is not a close case.

{¶ 32} Dustin Lynch is angry, asocial, brutal, and self-absorbed. He will be a threat to the community long after his twenty-first birthday.

{¶ 33} Thus, the court finds that the juvenile is not amenable to care or rehabilitation within the juvenile system, and the safety of the community may require that the child be subject to adult sanctions.

{¶ 34} IT IS ORDERED, ADJUDGED, AND DECREED that jurisdiction of this case be and it hereby is transferred to the General Division of the Court of Common Pleas. The original case file and all documents, pleadings, exhibits, and other papers shall be delivered to the clerk of courts, pending further action and proceedings by the grand jurors of this county and the judges of the general division of this court. The judges are herewith invested by me—through this order and in accordance with the laws of this state—with the authority to assume and to exercise jurisdiction over this child as if he were an adult.

{¶ 35} **IT IS ORDERED, ADJUDGED, AND DECREED** that in accordance with R.C. 2152.26(F), the Sheriff of Medina County shall take charge and take custody of Dustin J. Lynch from the Superintendent of the Medina County Juvenile Detention Center. The sheriff shall transfer Dustin J. Lynch to the Medina County Jail in accordance with the laws governing the detention of persons charged with crime. The boy shall be confined in a manner that keeps him beyond the range of touch of all adult detainees. He shall be supervised at all times during the detention.

{¶ 36} **IT IS ORDERED, ADJUDGED, AND DECREED** that bail in this matter is hereby set at $1,000,000, cash or surety.

{¶ 37} **SO ORDERED.**

Bindover ordered.